**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TIMOTHY MERSON**                                                                              **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 1:25-CV-352-LG-RPM**

**CELLULAR SOUTH, INC.**                                                                  **DEFENDANT**

## ANSWER

**COMES NOW**, Cellular South, Inc., d/b/a C Spire, saying preliminarily that it terminated Timothy Merson's employment for habitual, unprotected attendance violations and poor job performance. Further, C Spire says:

## FIRST AFFIRMATIVE DEFENSE

The Complaint pleads one count each under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"); none states a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that he has failed to act reasonably to mitigate his damages, if any.

## THIRD AFFIRMATIVE DEFENSE

FMLA liquidated damages are unavailable because C Spire acted in good faith; in compliance with applicable provisions of law, rules, and regulations; and without retaliatory or discriminatory intent. C Spire does not rely on advice of counsel to support this affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

Punitive damages are unavailable under the ADA because C Spire adopted and followed policies reasonably calculated to prevent and to remedy the alleged employment practices made unlawful by that Act.

## FIFTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this legal argument affirmatively, C Spire pleads, alternatively, that it acted in good faith, in compliance with applicable provisions of law, rules, and regulations, and without retaliatory or discriminatory intent. C Spire does not rely on advice of counsel to support this affirmative defense.

## SIXTH AFFIRMATIVE DEFENSE

Should C Spire discover during this action that the Plaintiff merited termination for reasons unknown at the time of Plaintiff's termination, then C Spire pleads the after-acquired evidence doctrine to limit any recovery otherwise due to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this assertion affirmatively, C Spire pleads, alternatively, that Plaintiff was not a qualified individual with a disability.

## EIGHTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this assertion affirmatively, C Spire pleads, alternatively, that Plaintiff did not request any accommodation.

## NINTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this assertion affirmatively, C Spire pleads, alternatively, that Plaintiff did not provide any documentation about his disability and/or any requested accommodation.

## TENTH AFFIRMATIVE DEFENSE

Denying that C Spire has any affirmative duty to plead the matter, C Spire says, alternatively, that Plaintiff was terminated for good cause and for legitimate, non-discriminatory reasons, i.e., for violation of attendance policy and for poor job performance. Plaintiff was terminated for a reasonable factor other than age.

## ELEVENTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this legal argument affirmatively, C Spire pleads, alternatively, that it did not act recklessly or with indifference to the protected rights of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Denying that C Spire bears the burden to plead or to prove this legal argument affirmatively, C Spire pleads, alternatively, that Plaintiff may not recover multiple times for the same damage simply by pleading multiple legal theories, as the Complaint seeks to do. Plaintiff is limited to one recovery of the value of any damage suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff has commenced a bankruptcy proceeding after accrual of his claims, then the claims are property of his bankruptcy estate, and he lacks standing to assert them.

## FOURTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff has failed to disclose his claims during a bankruptcy proceeding, and if he has obtained relief in connection with that proceeding, then he is estopped to assert the claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Denying that the $300,000.00 non-economic and punitive damages cap of 42 U.S.C. § 1981 is a defense that must be pled or proven, C Spire pleads, alternatively, that Plaintiff may not recover in this action more than $300,000.00 in non-economic and punitive damages under the ADA.

**NOW**, answering further the Complaint's numbered paragraphs, C Spire says:

C Spire denies the allegations made in the opening, un-numbered paragraph beginning "COMES NOW" on page 1 of the Complaint. C Spire, however, similarly requests a jury trial in this matter.

### THE PARTIES

1.      C Spire lacks knowledge of the Plaintiff's current age and residence and therefore denies the allegations of Complaint ¶ 1.

2.      C Spire admits the allegations of Complaint ¶ 2.

### JURISDICTION AND VENUE

3.      C Spire admits the Court's federal question subject matter jurisdiction alleged in Complaint ¶ 3 but denies any liability and denies Plaintiff is entitled to any relief under those laws.

4.      C Spire admits the allegations of Complaint ¶ 4.

5.      C Spire admits the allegations of Complaint ¶ 5.

### STATEMENT OF FACTS

6.      C Spire lacks knowledge of the Plaintiff's current age and residence and therefore denies the allegations of Complaint ¶ 6.

7.      C Spire admits the allegation of Complaint ¶ 7.

8.      C Spire lacks knowledge of the date of Plaintiff's alleged diabetes diagnosis, lacks knowledge of who diagnosed Plaintiff accordingly, and therefore denies the allegations of Complaint ¶ 8.

9.      C Spire denies the allegations of Complaint ¶ 9.

10.      C Spire lacks knowledge of the date Plaintiff presented at Memorial Hospital at Gulfport but admits he was hospitalized there until July 1, 2024. C Spire denies the remainder of the allegations of Complaint ¶ 10.

11.     C Spire admits Plaintiff was released back to work on August 8, 2024. C Spire denies the remainder of the allegations of Complaint ¶ 11.

12.     The allegations quoted in Complaint ¶ 12 stem from a doctor's note, which speaks for itself. However, to the extent any information is misquoted or misrepresented, C Spire denies the allegations of Complaint ¶ 12.

13.     C Spire admits Plaintiff returned to work on August 8, 2024, on light duty, and denies the remainder of the allegations of Complaint ¶ 13.

14.     C Spire admits the allegation of Complaint ¶ 14.

15.     C Spire denies the allegations of Complaint ¶ 15.

16.     C Spire admits the allegations of Complaint ¶ 16.

17.     C Spire admits the allegations of Complaint ¶ 17.

18.     C Spire admits the allegations of Complaint ¶ 18.

19.     C Spire admits the allegation of Complaint ¶ 19.

20.     C Spire admits the allegations of Complaint ¶ 20.

21.     Complaint ¶ 21 expresses an opinion that requires no answer. If required, C Spire denies the allegations of Complaint ¶ 21.

22.     Complaint ¶ 22 expresses an opinion that requires no answer. If required, C Spire denies the allegations of Complaint ¶ 22.

23.     C Spire admits Plaintiff was terminated February 5, 2025.  C Spire denies the remaining allegations in Complaint ¶ 23.

24.     C Spire admits Plaintiff became eligible for FMLA leave in October 2024; C Spire denies the remainder of the allegations of Complaint ¶ 24 and further states Plaintiff never requested FMLA leave.

25.     C Spire admits the allegations of Complaint ¶ 25.

26.     C Spire admits the allegations of Complaint ¶ 26.

27.     C Spire admits the allegations of Complaint ¶ 27.

28.     C Spire admits the allegations of Complaint ¶ 28.

29.     The allegations quoted in Complaint ¶ 29 stem from the MDES decision letter. The document speaks for itself. However, to the extent any information is misquoted or misrepresented, C Spire denies the allegations of Complaint ¶ 29.

30.     C Spire admits the allegations of Complaint ¶ 30.

31.     C Spire admits the allegations of Complaint ¶ 31.

32.     The administrative opinion quoted in Complaint ¶ 32 requires no answer. If required, to the extent any information is misquoted or misrepresented, C Spire denies the allegations of Complaint ¶ 32. C Spire also denies the legal conclusion that the administrative opinion binds C Spire in this action.

33.     C Spire denies the allegations of Complaint ¶ 33.

34.     C Spire admits Plaintiff became eligible for FMLA leave in October 2024; C Spire denies the remainder of the allegations of Complaint ¶ 34 and further states Plaintiff never requested FMLA leave.

35.     C Spire denies the allegations of Complaint ¶ 35.

36.     C Spire admits the allegations of Complaint ¶ 36.

37.     C Spire admits that it responded to Plaintiff's Charge with a Position Statement to the EEOC on June 16, 2025. The remainder of the allegations of Complaint ¶ 37 are denied.

38.     The Position Statement speaks for itself; however, C Spire admits the allegations of Complaint ¶ 38.

39.     C Spire denies the allegations of Complaint ¶ 39.

40.     C Spire denies the allegations of Complaint ¶ 40.

41.    C Spire admits the allegations of Complaint ¶ 41.

42.    C Spire denies the allegations of Complaint ¶ 42

43.    C Spire lacks knowledge of the date Plaintiff presented at Memorial Hospital at Gulfport but admits he was hospitalized there until July 1, 2024. C Spire denies the remainder of the allegations of Complaint ¶ 43.

44.    C Spire admits Plaintiff was released back to work on August 8, 2024. C Spire denies the remainder of the allegations of Complaint ¶ 44.

45.    C Spire admits the allegation in Complaint ¶ 45.

46.    C Spire lacks knowledge of the date Plaintiff presented at the hospital but admits he was hospitalized until July 1, 2024. C Spire denies the remainder of the allegations of Complaint ¶ 46.

47.    C Spire admits the allegations of Complaint ¶ 47 and states the Position Statement speaks for itself.

48.    "They" is ambiguous, but C Spire admits the allegation of Complaint ¶ 48 if the word refers to C Spire.

49.    C Spire denies the allegation of Complaint ¶ 49.

50.    The Position Statement speaks for itself; however, due to the confusing and misleading characterization, C Spire denies the allegations in Complaint ¶ 50.

51.    Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 51.

52.    Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 52.

53.    Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 53.

54. Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 54.

55. Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 55.

56. Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 56.

57. Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 57.

58. Due to the confusing and misleading characterization, C Spire denies the allegations of Complaint ¶ 58.

59. C Spire denies the allegations of Complaint ¶ 59.

60. C Spire denies the allegation of Complaint ¶ 60.

61. C Spire denies the allegations of Complaint ¶ 61.

62. C Spire denies the allegations of Complaint ¶ 62.

63. The document speaks for itself, though C Spire admits it provided reasonable accommodation for every absence Plaintiff requested. The remainder of the allegations of Complaint ¶ 63 are denied.

64. "They" is ambiguous, but C Spire admits Plaintiff did not request additional accommodation nor did he provide sufficient medical documentation to support further accommodation as alleged in Complaint ¶ 64.

65. C Spire denies the allegations of Complaint ¶ 65.

66. The allegations quoted in Complaint ¶ 66 stem from a doctor's note, which speaks for itself. However, to the extent any information is misquoted or misrepresented, C Spire denies the allegations of Complaint ¶ 66.

67.     C Spire denies the allegations of Complaint ¶ 67.

68.     C Spire denies the allegations of Complaint ¶ 68.

69.     The document speaks for itself. However, C Spire admits Plaintiff's alleged injury occurred in June 2024 and that he was not eligible for FMLA leave until October 2024. The remainder of the allegations of Complaint ¶ 69 are denied.

70.     "They" is ambiguous but the Position Statement speaks for itself; however, C Spire admits the allegations of Complaint ¶ 70.

71.     The allegations of Complaint ¶ 71 require no response. To the extent any response is required, C Spire denies the allegations of Complaint ¶ 71.

72.     C Spire admits the allegations of Complaint ¶ 72.

73.     C Spire denies the allegations of Complaint ¶ 73.

74.     C Spire admits Plaintiff became eligible for FMLA leave in October 2024; C Spire denies the remainder of the allegations of Complaint ¶ 74 and further states Plaintiff never requested FMLA leave.

75.     The document speaks for itself; however, C Spire admits Plaintiff was terminated for attendance and performance issues as stated in Complaint ¶ 75.

76.     C Spire denies the allegation of Complaint ¶ 76.

77.     C Spire denies the allegations of Complaint ¶ 77.

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

78.     In classic shotgun pleading style, Complaint ¶ 78 incorporates all prior Complaint paragraphs. C Spire answers by incorporating all prior portions of this Answer.

79.     Complaint ¶ 79 is a bare assertion of law requiring no answer. If an answer is required, C Spire denies the assertions as stated. The FMLA is replete with conditions and exceptions omitted from Complaint ¶ 79, for which reason it is materially incorrect.

80.     C Spire denies the allegations of Complaint ¶ 80.

81.     C Spire denies the allegations of Complaint ¶ 81.

82.     C Spire denies the allegations of Complaint ¶ 82.

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) – DISABILITY DISCRIMINATION

83.     In classic shotgun pleading style, Complaint ¶ 83 incorporates all prior Complaint paragraphs, thus refuting the alleged motive of disability discrimination. C Spire answers by incorporating all prior portions of this Answer.

84.     C Spire denies the allegations of Complaint ¶ 84.

85.     C Spire denies the allegations of Complaint ¶ 85.

86.     C Spire denies the allegations of Complaint ¶ 86.

## COUNT III: VIOLATION OF THE ADEA – AGE DISCRIMINATION

87.     In classic shotgun pleading style, Complaint ¶ 87 incorporates all prior Complaint paragraphs, thus refuting the alleged motive of age discrimination. C Spire answers by incorporating all prior portions of this Answer.

88.     C Spire denies the allegations of Complaint ¶ 88.

89.     C Spire denies the allegations of Complaint ¶ 89.

90.     C Spire denies the allegations of Complaint ¶ 90.

91.     C Spire denies all Complaint allegations not expressly admitted in this Answer, including the allegations made in the un-numbered prayer for relief appearing in the "WHEREFORE" paragraph appearing on the Complaint at page 12 and denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, C Spire asks the Court to enter a final judgment after due proceedings, dismissing this action entirely, with prejudice, and taxing to the Plaintiff all costs of the action.

Respectfully submitted, this the 23rd day of January, 2026.

CELLULAR SOUTH, INC., d/b/a C SPIRE

BY:    */s R. Pepper Crutcher, Jr.*
       R. Pepper Crutcher, Jr. (MS Bar No. 7921)
       Anne Harlan Latino (MS Bar No. 102807)
       BALCH & BINGHAM LLP
       188 E. Capitol Street, Suite 1400
       Jackson, MS 39201
       Telephone: (601) 961-9900
       Facsimile: (601) 961-4466
       E-mail:  pcrutcher@balch.com
       E-mail: alatino@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically on this the 23rd day of January, 2026:

> Louis H. Watson, Jr.
> Jane Watson
> The Watson Law Firm, PLLC
> 1501 Jackson Avenue W, Ste 113 PMB 101
> Oxford, MS 38655
> Telephone: (601) 968-0000
> Facsimile:  (601) 968-0010
> Email: louis@watsonnorris.com
> Email: jane@watsonnorris.com

*/s R. Pepper Crutcher, Jr.*
R. Pepper Crutcher, Jr.